**[Cite as *State v. Barnett*, 2020-Ohio-5364.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                  Court of Appeals Nos. L-19-1172
                                                                          L-19-1173
        Appellee

                                               Trial Court Nos. CR0201802934
v.                                                                      CR0201901330

 Aerial S. Barnett                            **<u>DECISION AND JUDGMENT</u>**

        Appellant                    Decided:  November 20, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
William H. Dailey V, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from a July 17, 2019 judgment of the Lucas

County Court of Common Pleas, finding appellant guilty pursuant to a negotiated plea

agreement of one count of domestic violence, in violation of R.C. 2919.25(A), a felony of

the fourth degree, and one count of felonious assault, in violation of R.C. 2903.11(A), a

felony of the second degree.

{¶ 2} In exchange, an additional domestic violence offense, a rape offense, and a sexual registration requirement accompanying the rape offense, were all dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Aerial Barnett, sets forth the following two assignments of error:

I. The Bill of Information was invalid because it was filed before the Waiver of Prosecution by Indictment.

II. Appellant's plea was not knowingly, voluntarily, and intelligently entered because he didn't waive the 24 hour waiting period on the Bill of Information.

{¶ 4} The following undisputed facts are relevant to this appeal. This appeal stems from physical attacks committed separately against two different women with whom appellant had personal relationships.

{¶ 5} On October 2, 2018, appellant was staying at the Toledo residence of a woman with whom he shares a minor child. Appellant was removed from the residence by the Toledo Police Department after they learned that appellant had been assaulting her on an ongoing basis.

{¶ 6} On October 3, 2018, appellant was released from custody and returned to the victim's residence. Appellant kicked the victim in the back of her head multiple times, struck her arms and back, choked her, pistol whipped her, and threatened to kill her if she reported him the police.

2.

{¶ 7} On October 16, 2018, despite appellant's threats and the above-detailed injuries inflicted against her, the victim reported the attack to the police.

{¶ 8} On October 24, 2018, appellant was indicted on one count of domestic violence, in violation of R.C. 2919.25(A), as enhanced to a felony of the fourth degree based upon appellant's prior domestic violence convictions.

{¶ 9} On February 14, 2019, after appellant had relocated to the Toledo residence of a different girlfriend, he became enraged after viewing something on her mobile phone. Although she had attempted to prevent appellant from accessing her mobile phone, appellant forcibly took it from her and viewed it.

{¶ 10} Appellant jumped upon the victim and strangled her to a near loss of consciousness. Appellant's attack upon the restrained victim quickly escalated.

{¶ 11} Appellant ordered the victim to perform oral sex upon him. When the victim refused, appellant struck the victim in her face, grabbed the victim by her hair with such force that appellant's nails dug into the victim's neck, shoved the victim's head down to his groin, and forced the victim to perform oral sex upon him.

{¶ 12} When the victim later broke free from appellant, she fled outdoors and ran down the street in search of assistance. The victim was clothed in a sports bra, as appellant had torn the victim's shirt off during her escape.

{¶ 13} Witnesses observed the partially attired, injured victim frantically running down the street and contacted emergency assistance.

{¶ 14} On February 22, 2019, appellant was indicted on one count of domestic violence, in violation of R.C. 2919.25(A), as enhanced to a felony of the fourth degree based upon appellant's prior domestic violence convictions, and one count of rape, in violation of R.C. 2907.02(A), a felony of the first degree.

{¶ 15} The record reflects that appellant subsequently engaged in threats and intimidation against the victims in an effort to dissuade them from cooperating with law enforcement. Accordingly, appellee obtained material witness warrants for both victims.

{¶ 16} On May 30, 2019, following lengthy negotiations covering all offenses, appellant was presented with a package plea proposal. Appellant was granted an extension of time to consider the proposed plea agreement.

{¶ 17} On June 4, 2019, appellant accepted the plea agreement. Pursuant to the plea agreement, appellant entered a plea to one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fourth degree, for the 2018 offense, and one count of felonious assault, in violation of R.C. 2903.11(A), a felony of the second degree, for the 2019 offense.

{¶ 18} In exchange, the other domestic violence offense, the rape offense, and the sexual offender registration requirement accompanying the rape offense were all dismissed.

{¶ 19} During the change of plea proceedings, the trial court conveyed to appellant, "[D]o you understand that the prosecution, as part of this plea agreement, is

4.

charging you with new charges *not by way of grand jury, [but] by what is called a bill of information?*" (Emphasis added). Appellant affirmatively replied, "Yes, Your Honor."

{¶ 20} Upon affirming appellant's understanding, the trial court proceeded to inquire, "[D]o you understand that you have the right to indictment by grand jury, but if you wish to waive your right to prosecution by indictment *and consent to being charged by information, you can do that today?*" (Emphasis added). Appellant again affirmatively replied, "Yes, Your Honor."

{¶ 21} Counsel for appellant conveyed to the trial court that counsel had discussed all of the rights being waived with appellant, answered appellant's questions, reviewed the written waiver forms with appellant, and appellant then executed the documents memorializing the plea agreement.

{¶ 22} The trial court then confirmed from appellant that his signature had been affixed upon the waiver of prosecution by indictment, the bill of information, and the judgment entry paperwork.

{¶ 23} As the change of plea proceedings continued, the trial court stated, "[Appellant] is present with counsel, acknowledged receipt of the bill of information, waived any defects as to time, place, and manner of service. Defendant waived reading of the bill of information in open court and so is entering a plea on the bill of information." At this juncture appellant stated, "No contest, Your Honor."

{¶ 24} Following appellant's entry of the negotiated plea, the record reflects that the trial court carefully conducted the change of plea colloquy with appellant. The record

5.

reflects appellant's understanding of, and consent to, the terms of the plea agreement and associated legal implications.

{¶ 25} At the conclusion of the change of plea proceedings, the trial court ordered a presentence investigation. The case was continued for sentencing.

{¶ 26} On July 12, 2019, appellant was sentenced to a five-year term of incarceration, along with a five-year term of community control. This appeal ensued.

{¶ 27} In the first assignment of error, appellant alleges that the bill of information accompanying appellant's plea agreement was nullified on a procedural basis as it was file stamped several hours before the waiver of prosecution by indictment was file stamped. We do not concur.

{¶ 28} The record reflects that on June 4, 2019, the bill of information was file stamped at 9:36 a.m., while the waiver of prosecution by indictment was file stamped at 2:28 p.m.

{¶ 29} Appellant maintains that this discrepancy in the file stamp times of documents which had previously been presented to, explained to, and consented to, by appellant, acted to prejudice appellant. We are not persuaded.

{¶ 30} Crim.R. 7(A) establishes, in pertinent part, "[F]elonies shall be prosecuted by indictment, except * * * *the defendant may waive that right in writing and in open court. Where an indictment is waived, the offense may be prosecuted by information.*" (Emphasis added).

6.

{¶ 31} R.C. 2941.03 establishes that the sufficiency of a bill of information is satisfied where the information contained therein reflects that it is in a court with the authority to receive it, was presented to the court by the prosecuting attorney, names the defendant, shows that the offense was committed within the jurisdiction of the court, and shows that the offense was committed prior to the filing of the bill of information. The record of evidence reflects R.C. 2941.03 compliance in this case.

{¶ 32} In support of the first assignment, appellant argues that the filing of the waiver of prosecution of indictment and the associated bill of information at separate times on the same day constituted a violation of Crim.R. 7(A). We are not convinced.

{¶ 33} Appellant provides no objective evidence in support of this conclusion and acknowledges that in the similar case of *State v. Hines*, 5th Dist. Knox No. 90-CA-22, 1990 WL 166469 (Oct. 25, 1990), the court held that the discrepancy in filing times of the waiver of prosecution of indictment and the bill of information constituted harmless clerical error and was, therefore, not prejudicial. We find that conclusion likewise applies to the instant case.

{¶ 34} The record is devoid of any evidence that the time stamp discrepancy constituted a violation of Crim.R. 7(A) or R.C. 2941.03, such that the change of plea was arguably compromised. Further, the record is devoid of any other evidence that the time stamp discrepancy prejudiced appellant.

{¶ 35} Wherefore, we find appellant's first assignment of error not well-taken.

7.

**{¶ 36}** In appellant's second assignment of error, appellant similarly maintains that the plea was not knowingly, voluntarily, and intelligently entered. We do not concur.

**{¶ 37}** In support of the second assignment of error, appellant argues, without legal support, that although he voluntarily executed a written waiver of service for the R.C. 2941.49 one-day period in which a defendant cannot be mandated to reply to a felony, the trial court also needed to orally secure a second R.C. 2941.49 waiver from appellant during the change of plea colloquy. We do not concur.

**{¶ 38}** R.C. 2941.49 establishes in pertinent part, "A defendant, *without his assent*, shall not be arraigned or called on to answer an indictment until one day has elapsed after receiving or having an opportunity to receive in person or by counsel, a copy of such indictment." (Emphasis added.)

**{¶ 39}** The record reflects, and appellant concedes, that appellant executed a written waiver of the R.C. 2941.49 service requirement. The record is devoid of evidence that such a waiver is invalidated in the absence of a separate, oral R.C. 2941.49 waiver during the change of plea colloquy.

**{¶ 40}** Wherefore, we find appellant's second assignment of error not well-taken.

**{¶ 41}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                 _____

                                                                       JUDGE

Thomas J. Osowik, J.

                                                  _____

Christine E. Mayle, J.                                JUDGE
CONCUR.

                                                   _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.